UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| DAWN PATTON, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>　　　　　　　　　　　　Defendant. | Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>JURY TRIAL DEMAND** |

　　　　Plaintiff, DAWN PATTON, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorneys, alleges against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant") its employees, agents, and successors as follows:

**PRELIMINARY STATEMENT**

1.　　This is an action for damages arising from Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.　　This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　　Venue is proper in this district under 28 U.S.C. § 1391(b).

**PARTIES**

4.　　Plaintiff is a natural person who at all relevant times has resided in the City of Buffalo, County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant is a limited liability company doing business in the State of New York, with its principal place of business located at 140 Corporate Boulevard, Norfolk, Virginia 23502, and has acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about August 7, 2009, Defendant sent a letter to Plaintiff in an attempt to collect a debt, a copy of which is annexed hereto as **Exhibit A**.

7. This letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

8. This letter states that Plaintiff must "make acceptable payment arrangements" by August 21, 2009 "to stop the lawsuit from being filed" against Plaintiff.

9. This letter contains a facsimile signature of Catherine M. Hedgeman and lists Defendant's office address in Norfolk, Virginia below the signature.

10. A draft lawsuit, containing a summons, complaint, affidavit of military investigation, affidavit of ownership and sale of claim, and a notice to debtor, was enclosed with the letter. See **Exhibit A**.

11. The draft lawsuit contains a signature block for Catherine M. Hedgeman, which states that she is admitted in New York, and lists the Defendant's name and address.

12. Under information and belief, Catherine M. Hedgeman is not an employee of Defendant.

13. Under information and belief, Defendant is not a law firm.

14. Under information and belief, Catherine M. Hedgeman is an attorney retained by Defendant and is located in Albany, New York.  See **Exhibit B**.

15. Under information and belief, Catherine M. Hedgeman did not personally review Plaintiff's file before Defendant sent the letter, annexed hereto as **Exhibit A**, to Plaintiff.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action individually and on behalf of other similarly-situated individuals (the "Class") as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17.     The Class consists of: (a) all consumers, (b) residing in the State of New York, (c) who received a letter similar[1] to the letter annexed hereto as **Exhibit A**, (d) on or after a date one year prior to the filing of this action.

18.     The Class is so numerous that joinder is impracticable. Plaintiff is complaining of a standard form letter. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that Defendant sent hundreds if not thousands of letters similar to **Exhibit A**. Accordingly, Plaintiff estimates that there are more than 100 members of the Class.

19.     There are questions of law and fact common to the members of the Class, which predominate over any questions that affect only individual class members. The predominant common question is whether Defendant violated the FDCPA by sending the aforementioned letter.

20.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

21.     Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving abusive debt collection practices. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

---

[1] For purposes of the class definition, "similar" shall include any and all letters sent by Defendant that threatens litigation and contains the facsimile signature of an attorney.

22. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

23. A class action is superior to other alternative methods of adjudicating this controversy. Many of the Class members have no knowledge that their rights are being violated by the illegal collection activities alleged herein. A class action will permit large numbers of similarly-situated people to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Absent a class action, Class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10)

24. Plaintiff repeats the allegations contained in paragraphs 1 through 23 and incorporates them as if the same were set forth at length.

25. Defendant's letter threatens legal action.

26. There was no meaningful legal review of Plaintiff's file and purported debt prior to Defendant sending the letter.

26. No assessment was made by an attorney as to whether the threat to sue will be carried out.

27. The vast majority of individuals who received this letter or a similar letter were not sued.

28. Defendant violated the FDCPA by threatening to file lawsuits when it does not intend to do so, or is not legally capable of doing so.

## JURY TRIAL DEMAND

29. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b) That an order be entered declaring Defendant's actions, as described above, are in violation of the FDCPA;

c) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) That judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

e) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

f) That the Court grant such other and further relief as may be just and proper.

Dated: September 9, 2009                    Respectfully Submitted,

s/ *Shaun Ertischek*
Shaun Ertischek (SE-0964)
Law Offices of Michael Lupolover, P.C.
1641 Center Avenue
Fort Lee, New Jersey 07024
(201) 461-0059 phone
(201) 461-4660 fax
sertischek@lupoloverlaw.com